# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRYCE L. MAUGANS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COUNTY OF SEDGWICK KANSAS, )<br>)<br>Defendant. )<br>) | Case No. 18-1211-JTM-KGG |

## MEMORANDUM & ORDER ON
## MOTION TO APPOINT COUNSEL

In conjunction with his Complaint alleging disability discrimination in his employment, which he filed *pro se*, Plaintiff has filed a motion requesting the appointment of counsel (Doc. 3) along with a supporting financial affidavit (Doc. 4, sealed). After review of Plaintiff's motion, the Court **DENIES** his request for counsel.

As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C.

1

§ 1915(e)(1).  *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to appoint counsel "is left to the sound discretion of the district court."  *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

A review of Plaintiff's financial situation indicates he does not meet the financial requirements for appointment of counsel.  Although Plaintiff is 66 years old and unemployed, he has received a significant amount of government benefits in the past year in the form of unemployment and Social Security disability

payments.  (Doc. 4, sealed, at 1, 2, 4.)  His wife, who is 47 years old, makes a significant monthly wage as a human resources manager.  (*Id*., at 3.)  In addition to significant equity in their home and automobiles, Plaintiff and his wife have several thousands of dollars of cash on hand and in savings.  (*Id*., at 3, 4.)  While the Court acknowledges the significant expense of retaining counsel, the Court cannot find that Plaintiff is the type of individual whose access to the Court would be severely limited if counsel is not appointed for him.  Even so, the Court will base its determination on the remaining *Castner* factors.

The second factor is Plaintiff's diligence in searching for counsel.  Based on the information contained in the form motion, Plaintiff has been diligent, but unsuccessful, in his attempt to secure legal representation.  (Doc. 33.)   As for the next factor, the Court has concerns regarding the viability of Plaintiff's claims in federal court given the pending Motion to Dismiss recently filed by Defendant.  (Doc. 7.)  Because the dispositive motions will be decided by the District Court, the undersigned Magistrate Judge will not express further opinions regarding the validity of Plaintiff's claims.  The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel.  *Castner*, 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id*., at 1422.  The

Court notes that the factual and legal issues in this case are not unusually complex. *Cf*. ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. Plaintiff's motion does not provide the Court with any specific information to justify the appointment of counsel in this case. As such, the Motion to Appoint Counsel (Doc. 3) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 27th day of August, 2018.

s/ K<small>ENNETH</small> G. G<small>ALE</small>
KENNETH G. GALE
United States Magistrate Judge