IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BRYCE L. MAUGANS,
          Plaintiff,

          vs.                                                    No. 18-1211-JTM

SEDGWICK COUNTY, KANSAS,
          *et al*.,
               Defendants.



MEMORANDUM AND ORDER


Defendant Sedgwick County, Kansas has moved to dismiss the age and disability discrimination claims raised in the present action by plaintiff Bryce Maugans. Maugans, who worked for Sedgwick County as a residential building inspector, alleged in his initial *pro se* Complaint (Dkt. 1) filed on July 23, 2018 that the County terminated his employment when he sought accommodation following a stroke. After the County filed its first Motion to Dismiss (Dkt. 6), Maugans, now represented by counsel, filed an Amended Complaint on August 29, 2018 adding the claim that Maugans had been subjected to age discrimination. (Dkt. 12). The County then filed a second Motion to Dismiss (Dkt. 12), which the court finds should be granted in part and denied in part.

In support of its motion, the County first argues that (1) there is insufficient information to determine that Maugans was actually disabled or regarded as disabled,

(2) that he has not shown he was otherwise qualified to perform the work of building

inspector, (3) that he has not alleged he was terminated because of his disability, and that

as a result (4) it was not required to provide an individualized assessment under 29 C.F.R.

§ 1630.2(o)(3) because Maugans was not a qualified individual with a disability. The

defendant contends the Amended Complaint is simply too conclusory to be plausible

under the standards recently set forth by the Supreme Court, providing that "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d

929 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that

allows the court to draw the reasonable inference that the Defendant is liable

for the misconduct alleged." *Id*. at 663.

The court denies the motion to dismiss as to Maugans' claim of disability

discrimination, finding that, although the information contained in the Amended

Complaint is limited, it nonetheless supplies notice of the key elements of a plausible

claim. According to the complaint, plaintiff worked for the county as a residential

building inspector. He was hired on May 23, 2016, and promoted to a level II inspector

in July of 2016.

Maugans then states that he "had a stroke at work" on August 19, 2016, and a

second stroke four days later. An examination at Wesley Hospital "determined that

[plaintiff] had a hemorrhagic stroke." (Dkt. 11, ¶ 10). The plaintiff's statement that he

"requested reasonable accommodation that would have allowed him to continue to work," (*id.*, at ¶ 11) inherently implies that plaintiff could perform his job with such accommodation. Immediately after alleging his strokes, plaintiff sates that defendant "denied [his] accommodations for disability," indicating clearly that plaintiff does allege he is disabled. (*Id.* at ¶ 12). Further, the complaint alleges that, rather than grant the accommodations, the defendant "immediately terminated" him. (*Id.*)

Collectively, the allegations in the Amended Complaint, along with reasonable inferences drawn from them, assert that Maugans was disabled because he had suffered two strokes, the condition affected his ability to work, he requested accommodation, and defendant was aware of this condition and not only refused to accommodate, but terminated him because of his condition. The court accordingly denies the motion to dismiss as to plaintiff's disability discrimination claim.

The plaintiff's age discrimination claim stands in marked contrast. The court agrees with defendant that the Amended Complaint simply supplies no plausible basis for a claim that the county discriminated against plaintiff on the basis of age. The complaint alleges that plaintiff was 67 years old at the time of the complaint, and that (of the seven inspectors) one was his age, and the others (including his supervisor) were "younger." He also alleges that during his employment, he heard age-related comments while employed at the County.

In response to the motion to dismiss, the plaintiff correctly observes that "[a]t this stage in the case, [the plaintiff] is not obligated to set forth a prima facie case for each

element," citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). At the same time, however, to "establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).

*Khalik* illustrates the principle that a complaint may be so devoid of details or context that dismissal is warranted. *See* 671 F.3d at 1194 (concluding that "a plaintiff must include some further detail for a claim to be plausible"). In that case, court observed:

> While we do not mandate the pleading of any specific facts in particular, *there are certain details the Plaintiff should know and could properly plead to satisfy the plausibility requirement*. For instance, Plaintiff should know when she requested FMLA leave and for what purpose. She should know who she requested leave from and who denied her. She should know generally when she complained about not receiving leave and when she was terminated. She should know details about how Defendant treated her compared to other non-Arabic or non-Muslim employees. She should know the reasons Defendant gave her for termination and why in her belief those reasons were pretextual. She should know who grabbed her by the arm, what the context for that action was, and when it occurred. She should know why she believed that action was connected with discriminatory animus. She should know who she complained to about the discrimination, when she complained, and what the response was. She should know who criticized her work, what that criticism was, and how she responded. But in fact, Plaintiff offers none of this detail.

*Id.* (emphasis added).

This is similar to the present action. The Amended Complaint states only that some of the other building inspectors were younger (without saying how young), and that

plaintiff heard age-related comments (without explaining what they were). These are the *only* allegations relating to age in the Amended Complaint.

Thus, while allegations relating to disability discrimination are spartan — those relating to age discrimination are almost nonexistent. Maugans provides no details as to the actual ages of the other building inspectors, although at least a rough estimate of such information would certainly be within his knowledge. The same is true of the age-related "comments." Plaintiff must he aware of the nature of such comments, but he supplies no details as to what was said, when it was said, how often it was said, who said it, and who was present at the time. And there is no allegation that the supposed disclination adversely effect the job environment.

Alternatively, the plaintiff argues that rather than dismissing any of his claims, the court should grant him leave to dismiss. (Dkt. 17, at 2) Certainly, this is the appropriate result where it is possible that additional details might supply a plausible claim. Notably, however, the plaintiff's Response memorandum again fails to identify any specific allegations he would add to support his age discrimination claims. Moreover, such amendment would be futile because such claims are time-barred under 29 U.S.C. § 626(e), given the April 26, 2018 Right to Sue letter issued by the EEOC.

Such a new claim would be timely only if it relates back to the original July 23, 2018 Complaint. (Dkt. 1). A claim "relates back" when it arises from "the conduct, transaction, or occurrence" advanced in the original pleading. *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 967 (10th Cir. 2012). A new claim will not relate back if it is

"supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 962 (quoting *Mayle v. Felix*, 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005)).

As noted earlier, the original complaint does not mention age discrimination at all. The only allegation in the check-the-box Complaint is that County violated the ADA by failing to accommodate his disability and terminated his employment because of his disability. (Dkt. 1, at 3-4). Plaintiff did not check any other the boxes, including those explicitly asking if any claim is brought under the "Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634" if the defendant discriminated against him because of his age. Where the form asks for a short narrative of his claim, plaintiff responded;

> physical or mental impairment need not be recorded, and may include simply being regarded as having an impairment. The effects of a regarded impairment lasting or expected to last fewer than six months can be substantially limiting (29 CFR Section l 630.2(j)(l)(ix)). Work is itself a major life activity and for the Plaintiff who drives and climbs ladders on a daily basis for work, a perceived impairment that restricts such activity is substantially limiting. The EEOC letter of determination states that the Defendant failed to provide for an individualized assessment as to whether the Plaintiff needed leave without pay as an accommodation, even thought [sic] the Plaintiff did not qualify for FMLA protected leave

*Id*. at 5. The plaintiff also prepared and attached to the Complaint a detailed timeline listing over a dozen events prior to his termination. *Id*. at 8-9. Every event listed involves Maugans' stroke and subsequent request for ADA accommodation.

The court concludes that plaintiff's age discrimination is properly dismissed from the action.

Defendant also argues that the Amended Complaint should be dismissed because of a failure to allege all conditions precedent under Rule 9(c), and because the EEOC charge was not verified. The defendant subsequently withdrew the latter argument (Dkt. 19, at 6), and the court finds the former argument is not an independent basis for dismissing the case.[1] Rather, the argument (Dkt. 13, at 11-12) appears to be contingent upon the success of the defendant's separate arguments against on Maugans' disability and age discrimination claims.

"Rule 9(c) does not expressly require that performance of conditions be pled, it merely sets forth the manner in which such pleadings should be made." *Kiernan v. Zurich Companies*, 150 F.3d 1120, 1124 (9th Cir. 1998) (citing 2 James Wm. Moore, MOORE'S FEDERAL PRACTICE, § 9.04[1] (3d ed. 1997) ("Neither Rule 9(c) nor Rule 8(a)(2) expressly requires that the performance or occurrence of conditions precedent be pled at all by a claimant."). It is sufficient, "under the loose guidelines of Rule 9(c)," if the complaint otherwise alleges facts giving rise to a plausible claim for relief. *Id.* For the reasons

---

[1] The cases cited by defendant do not hold otherwise. In *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *4 (D. Kan. Sept. 1, 2017), the court simply observed that in actions against Kansas governmental entities, compliance with the notice requirements of K.SA. 12-105b(d) is a condition precedent under Kansas law. Otherwise, defendant cites a pre-*Twombly* case, *Thune v. Nicholson*, No. 06-2019-JWL, 2006 WL 8440597, at *2 (D. Kan. Oct. 25, 2006) which simply observes that as a general matter that "if [a] plaintiff generally asserts … that he has satisfied all conditions precedent to filing the action, that allegation will satisfy the pleading requirement of Rule 9(c) and will be sufficient to withstand a motion to dismiss."

Neither case holds that an otherwise sufficient complaint must be dismissed unless it ritualistically intones that "all conditions precedent have been met."

discussed earlier, the court finds that plaintiff has sufficiently pled the elements of a claim under the ADA.

IT IS ACCORDINGLY ORDERED this day of March, 2017, that the defendant's first Motion to Dismiss (Dkt. 6) is denied as moot; its second Motion to Dismiss (Dkt. 12) is granted in part and denied in part, as provided herein.

s/ J. Thomas Marten
J. Thomas Marten, Judge